# EXHIBIT "A"

**EXHIBIT "A"**

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____Lycoming_____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |
| **19 - 0285** |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

<table>
<tr><td rowspan="10">S<br>E<br>C<br>T<br>I<br>O<br>N<br><br>A</td><td colspan="2">

**Commencement of Action:**
☒ Complaint ☐ Writ of Summons ☐ Petition
☐ Transfer from Another Jurisdiction ☐ Declaration of Taking
</td></tr>
<tr><td>

Lead Plaintiff's Name:
Elizabeth Dake-Threeton
</td><td>

Lead Defendant's Name:
AIDS Resource Alliance, Inc.
</td></tr>
<tr><td>

Are money damages requested? ☒ Yes ☐ No
</td><td>

Dollar Amount Requested:    ☐ within arbitration limits
(check one)    ☒ outside arbitration limits
</td></tr>
<tr><td>

Is this a *Class Action Suit*?    ☐ Yes  ☒ No
</td><td>

Is this an *MDJ Appeal*?    ☐ Yes  ☒ No
</td></tr>
<tr><td colspan="2">

Name of Plaintiff/Appellant's Attorney: Ryan C. Gardner, Esquire

☐  Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)
</td></tr>
</table>

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

| TORT *(do not include Mass Tort)* | CONTRACT *(do not include Judgments)* | CIVIL APPEALS |
|---|---|---|

**B**

| ☐ Other:<br>_____<br>_____<br><br>**PROFESSIONAL LIABLITY**<br>☐ Dental<br>☐ Legal<br>☐ Medical<br>☐ Other Professional:<br>_____<br>_____ | ☐ Ejectment<br>☐ Eminent Domain/Condemnation<br>☐ Ground Rent<br>☐ Landlord/Tenant Dispute<br>☐ Mortgage Foreclosure: Residential<br>☐ Mortgage Foreclosure: Commercial<br>☐ Partition<br>☐ Quiet Title<br>☐ Other:<br>_____<br>_____ | ☐ Common Law/Statutory Arbitration<br>☐ Declaratory Judgment<br>☐ Mandamus<br>☐ Non-Domestic Relations<br>   Restraining Order<br>☐ Quo Warranto<br>☐ Replevin<br>☐ Other:<br>_____<br>_____ |

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH DAKE-THREETON, | : | 19 - 0285 |
| Plaintiff | : | NO. |
| | : | |
| vs. | : | CIVIL ACTION-LAW |
| | : | |
| AIDS RESOURCE ALLIANCE, INC. | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, CONTACT:

Pennsylvania Bar Association
Lawyer Referral Service
100 South Street
P.O. Box 186
Harrisburg, PA 17108-0816
(800) 692-7375

IF YOU CANNOT AFFORD A LAWYER, CONTACT:

North Penn Legal Services
25 West Third Street, Suite 400
Penn Tower Building
Williamsport, PA 17701

SUZANNE M. FEDELE
PROTHONOTARY &
CLERK OF COURTS

2019 FEB -8 PM 3: 44

FILED
LYCOMING COUNTY

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas of Lycoming County is required by law to comply with the Americans With Disabilities Act of 1990. For more information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court Administrator's Office, telephone number (570) 327-2330. All arrangements must be made at least 72 hours prior to any hearing or business before the Court.

**CALLAHAN & GARDNER**

Ryan C. Gardner, Esquire
I.D. No. 93057
Attorney for Plaintiff
211 West 4th Street
Williamsport, PA 17701
Telephone: (570) 323-3772

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH DAKE-THREETON, | : | 19 - |
| Plaintiff | : | NO. |
| | : | |
| vs. | : | CIVIL ACTION-LAW |
| | : | |
| AIDS RESOURCE ALLIANCE, INC. | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## COMPLAINT

AND NOW, comes Plaintiff, Elizabeth Dake-Threeton, by and through her attorney, Ryan

C. Gardner, Esquire, and files this Complaint in civil action against Defendant, AIDS Resource

Alliance, Inc. (hereinafter "AR"), as follows:

1.     Plaintiff is an adult individual who resides at 125 West Eighth Avenue,

Williamsport, Lycoming County, Pennsylvania 17702.

2.     Defendant, AR, is a corporation which conducts business at an office located at 500

West Third Street, Williamsport, Lycoming County, Pennsylvania 17701.

3.     Plaintiff began employment with Defendant, AR, as a Case Management Assistant

on or about early February, 2015.

4.     From approximately 2015 through the present, plaintiff suffered intentional

discrimination because of her membership in a protected group: sex: female.

5.     The discrimination was pervasive and regular.

6.     The discrimination detrimentally affected Plaintiff.

7.     The discrimination would detrimentally affect a reasonable person of the same

protected group in the same position.

8.     Respondeat superior liability exists with respect to Defendant, AR.

9.      In addition to the work environment suffered by the Plaintiff and caused by Defendant, Plaintiff suffered retaliatory harassment which was severe and pervasive enough to create a hostile work environment.

10.     More specifically, because of Plaintiff's sex, Defendant AR allowed sexual discrimination to occur on the job.

11.     Because of Plaintiff's sex, Defendant, AR allowed retaliatory harassment to occur on the job.

12.     Because of Plaintiff's sex, Defendant AR held Plaintiff to a stricter and more demanding job responsibilities than other fellow employees.

13.     Because of Plaintiff's sex, Defendant AR leveled harsher sanctions against Plaintiff than other employees.

14.     Because of Plaintiff's sex, Defendant AR interpreted their "core policies" in a much different and more detrimental fashion to the Plaintiff than with respect to other employees.

15.     Because of Plaintiff's sex, Defendant AR unfairly and improperly interpreted policies to detrimentally affect Plaintiff's job performance.

16.     Because of Plaintiff's sex, Defendant AR manipulated her job performance appraisals to deny Plaintiff any further possibility of advancement.

17.     Because of Plaintiff's sex, Defendant AR imposed discipline and sanctions on Plaintiff without complying to their own policies and procedures.

18.     Because of Plaintiff's sex, Defendant AR unfairly and improperly criticized the Plaintiff and lowered her reputation in estimation of other AR employees.

21.     On or about January, 2018 an employee of Defendant AR, Gary Burkhart, who is also the spouse of Kirsten Burkhart, Executive Director of AR, would mock and laugh at Plaintiff in

front of co-employees.

22.     More specifically, Gary Burkhart would use inappropriate language towards Plaintiff which included but is not limited to saying "Bitches," and "Whores," causing Plaintiff to be uncomfortable in the work environment.

23.     Gary Burkhart would regularly stick his tongue out and wag it in a sexual manner directed towards Plaintiff.

24.     Gary Burkhart also requested that Plaintiff and another female employee to "make out" for a photograph to be taken by Gary Burkhart during working hours.

25.     Gary Burkhart also openly spoke about a fellow female employee's nipples being erect in front of Plaintiff, other employees and clients.

26.     Assistant Director Amy Harada also produced inappropriate pictures of a semi-nude male to Plaintiff at the workplace

27.     Plaintiff feared that reporting of the above described conduct committed by Gary Burkhart to either the Director, Kirsten Burkhart or Assistant Director, Amy Harada would result in the imposition of sanctions and/or termination of Plaintiff.

28.     On or about April 10, 2018, Plaintiff was accused of reporting the inappropriate behavior of Gary Burkhart by Assistant Director, Harada.

29.     Assistant Director Harada also accused Plaintiff of reporting Gary Burkhart for sexual misconduct at AR in addition to Gary Burkhart engaging in sexual intercourse with a client at sister company of AR, West House, and that Gary Burkhart manipulated the medication of one or more clients of West House.

30.     Subsequent to Assistant Director Harada's accusations that Plaintiff reported the above described conduct of Gary Burkhart, Plaintiff's job description changed in that she was

essentially demoted to Outreach Coordinator causing her pay to be lowered and limited Plaintiff as to what she was allowed to do in the workplace.

31.     As a result of the aforesaid accusations of Assistant Director Harada directed to Plaintiff, Executive Director Kirsten Burkhart presented Plaintiff with the "enhanced plan of supervision," and indicated that an audit was being performed on all of Plaintiff's timesheet entries and time-off entries.

32.     Following Assistant Director Harada accusing Plaintiff of disclosing the inappropriate conduct of Gary Burkhart, and following Executive Director Kirsten Burkhart presenting Plaintiff with the enhanced plan of supervision and audit of Plaintiff's timesheet entries and time off entries, Plaintiff was terminated on June 22, 2018.

33.     Plaintiff  brings this action against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e) et seq. and Pennsylvania Human Relations Act, 43 P.S. § 591, et seq.

34.     As a direct and proximate result of Defendant's unlawful harassment and retaliatory harassment of Plaintiff through the creation of a hostile work environment, Plaintiff suffered significant damages, including but not limited to, significant emotional distress, pain and suffering, significant mental anguish and suffering, physical manifestations of her mental anguish and suffering, the loss and enjoyment of life's normal activities, the loss of work days, deterioration of her work performance, the loss of salary increases, injury to her character and reputation, legal fees, associated court costs, and other damages.

## COUNT I – HOSTILE ENVIRONMENT; STRICT LIABILITY

35.     Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

36.     Defendant AR is strictly liable for the creation of a hostile work environment by Kirsten Burkhart, Executive Director, Amy Harada, Assistant Director and Gary Burkhart, co-owner and that Defendant AR knew or had reason to know of the harassment and failed to take proper adequate remedial action.

37.     Defendant AR's conduct as aforesaid violates both Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

38.     As a direct and proximate result of Defendant's unlawful harassment and retaliatory harassment of Plaintiff through the creation of a hostile work environment, Plaintiff suffered significant damages, including but not limited to, significant emotional distress, pain and suffering, significant mental anguish and suffering, physical manifestations of her mental anguish and suffering, the loss and enjoyment of life's normal activities, the loss of work days, deterioration of her work performance, the loss of salary increases, injury to her character and reputation, legal fees, associated court costs, and other damages.

## COUNT II – HOSTILE ENVIRONMENT; AGENCY LIABILITY

39.     Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

40.     Defendant AR is liable for the creation of a hostile work environment by Kirsten Burkhart, Amy Harada and Gary Burkhart, Defendant AR knew or had reason to know of the harassment and failed to take proper adequate remedial action.

41.     Because Plaintiff reported the acts of Kirsten Burkhart, Amy Harada, and Gary Burkhart, Defendant AR had actual or constructive knowledge of the existence of the sexually hostile work environment and failed to take proper adequate remedial action.

42.     Defendant AR's management level employees and supervisory personnel

manifested unmistakable acquiescence in approval of the sexual harassment.

43.     Said sexual harassment was openly practiced and well-known among Plaintiff's fellow employees.

44.     Additionally, Defendant AR was either negligent or reckless in supervising management level employees and Kirsten Burkhart, Amy Harada and Gary Burkhart.

discriminatory conduct during her employment with Defendant AR which was perpetrated upon her by Executive Director, Kirsten Burkhart, Assistant Director, Amy Harada, and co-owner Gary Burkhart and that this conduct was based upon and directed at Plaintiff by reason of her sex. Plaintiff notified management personnel at Defendant AR, which was otherwise aware, of the sexually harassing and discriminatory conduct, and Defendant AR failed to take any appropriate corrective action.

48.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

49.     During the times referenced herein, Plaintiff was subject to multiple unfair and improper criticism, was verbally accosted on numerous occasions in front of other co-workers. No corrective action was ever taken against Kirsten Burkhart, Amy Harada or Gary Burkhart for

such conduct.

50.      Such multiple verbal accusations and physical harassment ruined the reputation and credibility of Plaintiff and created an atmosphere of hostility which severely damaged the reputation in the eyes of Plaintiff's co-workers and supervisors.

51.      Plaintiff was a victim of retaliatory conduct on the part of Defendant AR. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right.  During the course of her employment, Plaintiff was forced to work in a sexually discriminatory and hostile work environment.  Management personnel at Defendant AR were put on notice of the aforesaid conduct and failed to take immediate corrective action, all to Plaintiff's detriment.

52.      Defendant AR's management personnel and supervisors were aware of the hostile work environment.

53.      As a direct and proximate result of the harassing and sexually hostile work environment allowed by Defendant AR and created by Kirsten Burkhart, Amy Harada, and Gary Burkhart, Plaintiff has been damaged as aforesaid.

## COUNT IV – SEXUAL DISCRIMINATION

54.      Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

55.      During the course of Plaintiff's employment with Defendant AR,  Defendant AR, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e) et seq.

56.      The above described unwelcome sexual discrimination created an intimidating,

oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

57.     As a result of the hostile and offensive work environment perpetrated by Defendant AR and their failure to protect Plaintiff from such sexual discrimination, the Plaintiff suffered humiliation, emotional distress and physical pain.

58.     Defendant AR through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described above.

59.     Defendant AR failed to take all reasonable and necessary steps to eliminate such discrimination from the workplace and to prevent it from occurring in the future.

60.     Defendant AR is liable to Plaintiff for its direct acts of discrimination as aforesaid and under the theories of respondeat superior in that Kirsten Burkhart's, Amy Harada's and Gary Burhart's acts toward Plaintiff were at the time she was employed to perform, occurred within the authorized time and space limits and were actuated, at least in part, by a desire to serve Defendant AR.

61.     As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 as described, Plaintiff has been damaged as aforesaid.

## COUNT V – RETALIATION

62.     Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

63.     As herein alleged, the Defendant, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting her to unjust scrutiny, false allegations of misconduct and unwelcome and discriminatory comments solely

because she had reported the aforementioned sexual discrimination. Defendant had no legitimate reason for any such act. Each said act of retaliation is violation of Title VII of Civil Rights Act of 1964.

      64.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant AR may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

      65.     As a direct and proximate result of the Defendant AR's willful, knowing, and intentional sexual discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits of job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

      66.     As a further direct and proximate result of Defendant AR's violation of Title VII of the Civil Rights Act of 1964 as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant AR and has thereby incurred and will continue to incur legal fees and costs the full nature and extent of which are presently unknown to Plaintiff.

      67.     Plaintiff is informed and believes, and based thereon alleges, that Defendant AR's conduct as described above was willful, wanton, malicious and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof Plaintiff is entitled to punitive or exemplary damages from the Defendant AR in a sum according to proof at trial.

      WHEREFORE, Plaintiff, Elizabeth Dake-Threeton demands judgment against the Defendant AR in an amount which will compensate her for:

1.     Violation of her rights under Title VII of the Civil Rights Act of 1964;

2.     Compensatory damages including lost wages, past and future and/or impairment of power to earn money; Physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

3.     Punitive damages to punish the Defendant AR for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

4.     Trial by jury on all issues so triable;

5.     Cost expended herein, including reasonable attorney's fees;

6.     Pre-judgment and post-judgment interest; and

7.     Any and all other relief to which she may be entitled.

**JURY TRIAL DEMANDED.**

## COUNT VI
**(Wrongful Discharge – Violation of Whistleblower Law:  43 P.S. § 1421, ET SEQ.)**

68.     Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

69.     Plaintiff was discharged by Defendant in violation of 43 P.S. § 1421, et seq.

70.     Plaintiff's employment discharge was the result of her aforesaid co-worker's good faith reports of wrongdoing or waste as said co-worker had reasonable cause to believe was true.

71.     On or about April 10, 2018, as aforesaid, Plaintiff was accused of reporting the inappropriate behavior of Gary Burkhart by Assistant Director Harada.

72.     Also as aforesaid, Assistant Director Harada accused Plaintiff of reporting Gary Burkhart for sexual misconduct at AR in addition to Gary Burkhart engaging in sexual intercourse with a client at sister company of AR, West House, and that Gary Burkhart manipulated the medication of one or more clients of West House.  Following Assistant Director Harada's accusations that Plaintiff reported the inappropriate conduct of Gary Burkhart, Plaintiff's job

description was changed causing her pay to be lowered and limiting Plaintiff as to what she could and could not do in the work place. Also subsequent to Assistant Director Harada's accusations that Plaintiff reported inappropriate conduct of Gary Burkhart, Executive Director Kirsten Burkhart presented Plaintiff with the "enhanced plan of supervision," and indicated that Plaintiff's timesheet entries and time off entries would be audited.

73.     The above conduct of Assistant Director Harada and Executive Director Kirsten Burkhart culminated with Plaintiff's termination on June 22, 2018.

74.     In violation of 43 P.S. § 1421, et seq., Plaintiff was subsequently discharged as a result of her co-worker making the aforesaid good faith reports of aforesaid wrongdoing and waste to Defendant and appropriate authorities.

75.     As a direct and proximate result of Plaintiff's wrongful discharge, Plaintiff lost back wages and fringe benefits, her earning capacity has been impaired, in addition she has incurred various incidental costs, suffered mental anguish and anxiety, suffered humiliation, and her entitlement to a greater amount of social security benefits has been seriously jeopardized.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant in an amount in excess of $50,000.00 plus interests and costs of suit, and further avers that this amount exceeds the jurisdictional limitation requiring arbitration.

Respectfully submitted,

**CALLAHAN GARDNER**

Ryan C. Gardner, Esquire
Attorney I.D. No. 93057
Attorney for Plaintiff
211 West Fourth Street
Williamsport, PA 17701
Telephone No. (570) 323-3772

## VERIFICATION

I verify that the statements made herein are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Elizabeth Dake-Threeton

Dated: 1/8/2019

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

**CALLAHAN GARDNER**

Ryan C. Gardner, Esquire
Attorney I.D. #93057
Attorney for Plaintiff
211 West 4th Street
Williamsport, PA 17701
570-323-3772